UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WILLIAM NEAL,**

                Plaintiff,        Case No.

**v.**

                                     Hon.

**ROMEO & SON JANITORAL SERVICES, INC.,**
**ROMEO & JULIET BEDROOMS & DINETTES, INC.,**
and **ROMEO J. BAZINET III,**

                Defendants.

---

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (40533)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

---

## COMPLAINT

Plaintiff, William Neal, through his attorneys, Gold Star Law, P.C., for his Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff William Neal ("Neal") is an individual who resides in Harper Woods, Wayne County, Michigan.

2. Defendant Romeo & Son Janitorial Services, Inc. ("Romeo & Son") is a Michigan profit corporation that regularly conducts business in Detroit, Wayne County, Michigan.

3. Defendant Romeo & Juliet Bedrooms and Dinettes, Inc. ("Romeo & Juliet") is a Michigan profit corporation that regularly conducts business in Detroit, Wayne County, Michigan.

4. Defendant Romeo J. Bazinet III ("Bazinet") is an owner of both Romeo & Son and Romeo & Juliet.

5. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

6. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

## FACTUAL ALLEGATIONS

7. Defendants own and operate a furniture store in Detroit, Michigan.

8. Defendants employed Neal as a laborer from October 4, 2013 until May 4, 2019.

9. Amongst other tasks, Neal loaded and unloaded furniture for Defendants.

10. Defendants compensated Neal on an hourly basis. Neal's rate of pay increased by $1 most of the years during the span of his employment.

11. Neal's regular rate of pay at the start of his employment, in approximately October 2013, was $7.40 per hour.

12. Neal's regular rate of pay at the end of his employment, in approximately May 2019, was $13.00 per hour.

13. Neal worked an average of 55 hours per week.

14. Defendants were required to compensate Neal at 1 ½ times his rate of pay for hours worked in excess of 40 hours per week.

15. Defendants never compensated Neal at 1 ½ times his rate of pay for hours worked in excess of 40 hours per week. Defendants instead compensated Neal at his regular rate of pay for all hours worked.

16. From the beginning of his employment, the pay Neal received from Defendants was paid in cash and Neal did not receive pay stubs.

17. On a few occasions, and at the request of Neal for purposes of supporting a rental application for an apartment, Defendants supplied Neal with some representative paystubs.

18. Neal was not, at any time during his employment, exempt from the overtime pay requirements of the FLSA.

19. All hours worked by Neal, including overtime hours, were worked at the direction and with the sufferance of Defendants.

20. Defendants' failure to pay overtime in violation of the FLSA was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## CAUSE OF ACTION
## VIOALTION OF THE FAIR LABOR STANDARDS ACT OF 1938

21. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

22. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203(d).

23. Plaintiff is an "employee" within with coverage of the FLSA. 29 U.S.C. 203(e).

24. Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203(s).

25. Defendants had revenues in excess of $500,000 per year during the time of Neal's employment with Defendants. 29 U.S.C. 203(s).

26. Pursuant to Section 207 of the FLSA, Defendants were required to pay Plaintiff 1 ½ times his regular hourly rate of pay for hours worked in excess of 40 per week.

27.     Defendants violated Section 207 of the FLSA by failing to pay Plaintiff 1 ½ times his regular hourly rate of pay for hours worked in excess of 40 per week.

28.     Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for unpaid overtime compensation, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

**WHEREFORE**, Plaintiff, William Neal, requests that this Court award him at least $12,280.20 in actual overtime wages, an equal amount as liquidated damages, his reasonable costs and attorney fees, and such other relief as this Court deems appropriate.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

  /s/ Maia Johnson Braun
**Maia Johnson Braun (P40533)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*

Dated: May 15, 2019